| | |
|---|---|
| MICHAEL ODELL FAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| LINCOLN COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]. See 28 U.S.C. §§ 1915(e)(2); 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 3, 7].

I. **BACKGROUND**

Pro se Plaintiff Michael Odell Fair ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Warren Correctional Institution in Norlina, North Carolina. Plaintiff filed this action on May 14, 2020, pursuant to 42 U.S.C. § 1983. [Doc. 1]. Plaintiff names the Lincoln County Police Department[1] ("All Detectives involved"); Jason Munday, identified as a

---

[1] "Lincoln County Police Department" is not an identifiable entity. There is a Lincolnton Police Department and a Lincoln County Sheriff's Office. Plaintiff lists the address for this Defendant as 700 John Howell Memorial Drive, Lincolnton, North Carolina, which is the

Lieutenant Detective; and Lincoln County as Defendants in this matter. [Id. at 3-4]. Plaintiff claims that his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution were violated by Defendants' conduct. In support of these claims, Plaintiff alleges as follows:

> On Friday, May 26, 2017 Lincoln County Police Department Detectives did place an ad in the Lincoln Times-News that falsely accused me to be engaged in a drug ring (continuing criminal enterprise) I had no knowledge of. May 12, 2017 Jason Munday and Lincolnton Police Department charge me with Continuing criminal enterprise in which I had knowledge of such allegations.

[Id. at 5].

For injuries, Plaintiff claims he suffered "emotional distress, defamation, libel, slander, vilification, moral duress, discrimination, harassment, economic duress, [and] retaliation."

Plaintiff seeks monetary and injunctive relief. [Id. at 8].

## II. STANDARD OF REVIEW

The Court must review Plaintiff's Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil

---

address of the Sheriff's Office. The Court, therefore, assumes for the purpose of initial review that Plaintiff intended to name the Lincoln County Sheriff's Office as a Defendant.

2

action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). As a threshold

3

Case 5:20-cv-00066-MR   Document 8   Filed 09/02/20   Page 3 of 9

matter, to the extent Plaintiff was convicted of the offense of which he claims he was wrongfully accused (and this conviction has not been vacated), Plaintiff's claims are barred by Heck v. Humphries, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Here, given the nature of the allegations in the Complaint, a judgment in Plaintiff's favor would necessarily imply the invalidity of any conviction or sentence in the

4

underlying criminal matter. Plaintiff, however, has not alleged that a conviction has been reversed or otherwise invalidated. Therefore, his Complaint appears to be barred by Heck.

Further, Plaintiff complains that he was falsely accused of a crime, but he does not allege whether the criminal proceedings related to the underlying offense are ongoing. In Younger v. Harris, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. 37, 43-44 (1971). Under the Younger abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). Here, given that it has been over three years since the alleged conduct, it is unlikely that the state proceedings are ongoing. The Court, however, must exercise caution before interfering in ongoing state proceedings and will require Plaintiff to amend his Complaint to address this issue, should he choose to proceed.

Finally, even if Heck and Younger do not apply, Plaintiff's claims against Defendants Lincoln County and Lincoln County Sheriff's Office are

subject to dismissal, in any event. As to Defendant Lincoln County Sheriff's Office, under North Carolina law, a sheriff's office is not a legal entity capable of being sued under 42 U.S.C. § 1983. Parker v. Bladen County, 583 F.Supp.2d 736, 740 (E.D.N.C. June 27, 2008); see also Moore v. City of Asheville, 290 F.Supp.2d 664, 673 (W.D.N.C. 2003), aff'd, 396 F.3d 385 (4th Cir. 2005) (dismissing claims against city police department for lack of capacity). As such, the Lincoln County Sheriff's Office will be dismissed as a Defendant in this matter. To the extent Plaintiff intended to name other individual detectives or other employees of the Sheriff's Office in relation to the alleged conduct, the Court will allow Plaintiff an opportunity to file an amended complaint as to this claim.

Next, as to Defendant Lincoln County, a county or other municipality may be held liable under § 1983 only for acts for which the county has final policymaking authority. See City of St. Louis v. Praprotnik, 485 U.S. 112, 123, 108 S. Ct. 915 (1988); cf. McMillian v. Monroe County, 520 U.S. 781, 784, 117 S. Ct. 1734 (1997) ("[A] local government is liable under § 1983 for its policies that cause constitutional torts."). Under North Carolina law, "the sheriff, not the county encompassing his jurisdiction, has final policymaking authority over hiring, supervising, and discharging personnel in the sheriff's office." Parker, 583 F.Supp.2d at 739. Here, Plaintiff makes no allegations

particular to Lincoln County nor do his allegations support a possible claim against Lincoln County, even with amendment. The Court will, therefore, dismiss Defendant Lincoln County as a Defendant is this matter.

Should Plaintiff believe that his claims against Detective Munday or other detectives employed by the Lincoln County Sheriff's Office are not barred by Heck and/or Younger, he may amend his Complaint to state claims against these Defendants. In the amended complaint, Plaintiff must re-allege all his claims against all persons he wishes to name as Defendants, and he must allege how each named Defendant personally participated in the alleged constitutional violations.[2]

The Court further advises Plaintiff that his amended complaint must be complete in and of itself. This is because the amended complaint will supersede the original complaint, meaning the original complaint will no longer have any force. In other words, Plaintiff may not amend the complaint "piecemeal"—he simply cannot add on to what he has already alleged in the complaint. To this extent, the Court will instruct the Clerk to mail Plaintiff a new Section 1983 form for Plaintiff to submit an amended complaint, if he so wishes.

---

[2] The Court notes that even if Plaintiff can clear the Heck and Younger bars, his allegations, as stated in his Complaint, do not state claims for violations of his constitutional rights and, therefore, do not support a claim under 42 U.S.C. § 1983.

7

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim against any Defendant. The Court will dismiss Defendants Lincoln County and Lincoln County Sheriff's Office. The Court will allow Plaintiff thirty (30) to amend his Complaint, if he so chooses, to show that <u>Heck</u> and <u>Younger</u> do not apply and to otherwise properly state a claim upon which relief may be granted against Defendant Munday and/or other employees of the Lincoln County Sheriff's Office. Should Plaintiff fail to timely amend his Complaint in accordance with the terms of this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend the Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Defendants Lincoln County and Lincoln County Sheriff's Office are **DISMISSED** as Defendants in this matter.

The Clerk is respectfully instructed to substitute Lincoln County Sheriff's Office for Lincoln County Police Department as a Defendant on the docket in this matter.

The Clerk is also respectfully instructed to mail Plaintiff a blank Section 1983 form.

**IT IS SO ORDERED**.

Signed: September 2, 2020

Martin Reidinger
Chief United States District Judge